UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>OLUWATOBI EMMANUEL OTUKELU,<br>Defendant. | Case No. 24-cr-00506-AMO-1 (KAW)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR DE NOVO DETENTION HEARING**<br><br>Re: Dkt. No. 11 |

On October 17, 2024, Defendant Oluwatobi Emmanuel Otukelu filed a brief in support of a de novo detention hearing. (Dkt. No. 11.) Defendant argued that he is entitled to a de novo detention hearing in this district (the charging district) after being arrested and ordered detained in the Southern District of Texas (the arresting district). On October 18, 2024, the United States filed an opposition to Defendant's motion for a de novo detention hearing. (Dkt. No. 12.) On October 22, 2024, the court held a hearing. AFPD John Paul Reichmuth appeared on behalf of the Defendant, and AUSA Michelle Kane appeared on behalf of the government. For the reasons stated on the record at the hearing, the court DENIED Defendant's motion. (*See* Dkt. No. 15.)

The court agrees with the government that nothing in the Bail Reform Act or Rule 5 of the Federal Rules of Criminal Procedure entitles a defendant to have two detention hearings. A defendant, like Mr. Otukelu, who has had a full detention hearing in the arresting district and has been ordered detained by the duty magistrate judge there, has two options. He can file a motion for revocation or amendment of the order with the court having original jurisdiction over the offense (i.e., the District Judge assigned to the case in the charging district). 18 U.S.C. § 3145(b). Alternatively, the defendant can make a motion to reopen the detention hearing upon a showing that "information exists that was not known to the movant at the time of the hearing and that has a

material bearing on the issue" pursuant to 18 U.S.C. § 3142(f)(2).

Defense counsel expressed concern that defendants arrested in this district have been advised to have a detention hearing in this district because they will automatically be entitled to a de novo detention hearing when they appear in the charging district. That is incorrect advice for the reasons stated on the record at the hearing.

Defendant argues that Rule 5 requires a detention decision to be made at the initial appearance in the arresting district, and that allowing a defendant only one detention hearing does not permit them to have a detention hearing in the charging district because a judicial officer in the arresting district would still have to make findings as to detention even if the defendant stipulated to detention. (Dkt. No. 11 at 9.) Not so. If Defendant wants to have a detention hearing in the charging district, he can waive the detention hearing in the arresting district and preserve the right to have the detention hearing held in the charging district. If Defendant elects to have a detention hearing in the arresting district and is ordered detained, he has the options described above.

Indeed, the Administrative Office of the Courts Form 466A is a form for waiving Rule 5 and 5.1 Hearings. Although this form is almost never used in this Court (Oakland venue), it probably should be required when a defendant waives rights under Rule 5. It provides that the defendant understands that he has been charged in another district and that he has been informed of the charges and his rights to, among other things, a hearing on any motion by the government for detention. The defendant can indicate his agreement to waive his rights to, among other things, a detention hearing to which he may be entitled, and request that his detention hearing be held in the prosecuting district, at a time set by that court.

To assist, the Court attaches the Rule 5 waiver form to this order.

IT IS SO ORDERED.

Dated: October 29, 2024

KANDIS A. WESTMORE
United States Magistrate Judge