CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

MICHELLE J. KANE (CABN 210579)
Assistant United States Attorney

1301 Clay Street, Suite 340S
Oakland, California 94612
Telephone: (510) 637-3680
FAX: (510) 637-3724
michelle.kane3@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>OLUWATOBI OTUKELU,<br><br>Defendant. | **CASE NO. 4:24-cr-506-1 AMO**<br><br>**DETENTION ORDER** |

On, August 21, 2026, U.S. District Judge Araceli Martínez-Olguín found that there was probable cause to believe that defendant Oluwatobi Otukelu had violated the conditions of his supervised release, as stated in the Petition for Warrant for Person Under Supervision. ECF No. 196. The Petition alleges in Charge One that defendant violated the mandatory condition that he not commit another federal, state, or local crime by violating 18 U.S.C. §§ 1343 (Wire Fraud) and 1028A (Aggravated Identity Theft).

This matter came before the Court on October 23, 2026, for a detention hearing. The defendant was present, in custody, and represented by appointed counsel, Alanna Coopersmith. Assistant United States Attorney Michelle J. Kane appeared for the government. The government moved for detention, and the defendant opposed. The United States Probation Officer also recommended that Otukelu be detained, due to the danger he poses to others and his risk of nonappearance. At the hearing, counsel and

the Probation Officer submitted proffers and arguments regarding detention.

Upon consideration of the facts, proffers and arguments presented, as well as Court records in the underlying case against Otukelu, and for the reasons stated on the record, the Court finds that defendant has not met his burden to "establish[] by clear and convincing evidence that [he] will not flee or pose a danger to any other person or to the community. Fed. R. Crim. P. 32.1(a)(6). *See also* 18 U.S.C. § 3143(a); Fed. R. Crim. P. 46(d); *United States v. Loya*, 23 F.3d 1529 (9th Cir. 1994). Accordingly, the defendant must be detained pending a revocation hearing in this matter.

The present order supplements the Court's findings and order at the detention hearing. As noted on the record, the Court makes the following findings as the bases for its conclusion:

**Flight Risk**

Defendant was found to be a flight risk at the original detention hearing held in the Southern District of Texas on the underlying charges. That finding was affirmed by Judge Martínez-Olguín, and none of the facts and circumstances underlying that finding have changed. Specifically, U.S. Magistrate Judge Peter Bray found that defendant was not honest about his living arrangements, education, employment, and travel during his interview with the Probation Office. Judge Bray concluded that "defendant is not likely to cooperate with Probation or follow the court's orders." Case No. 4:24-mj-426 (S.D.Tex.), ECF No. 13. Judge Bray also found that defendant's lack of employment, potential sentence, and experience in international travel contributed to the likelihood that he would flee rather than face the charges. *Id.*

At the detention hearing on October 23, 2026, defendant proffered that he was following the directions of his probation officer and had secured a job offer at the time of his arrest on the Petition. Defendant proposed that he be allowed to return to Texas, where he had been living with his father. Given his minimal history of supervision (approximately one month), defendant has not met his burden to prove that he is not now a flight risk.

**Danger to Another Person or the Community**

Defendant poses a risk of economic harm to the community. The government proffered evidence that, on at least four occasions during his brief period of supervised release, defendant committed the same fraud against the same type of victims as that for which he was recently convicted. He began this

new course of fraud just over a week after his release from custody in the underlying case. The government's proffer was based on a sworn affidavit, as alleged in the Petition. Defendant argued that he has no history of violent conduct and does not pose any physical danger to the community. However, "danger" for purposes of detention under the Bail Reform Act, may include "pecuniary or economic harm." *United States v. Reynolds*, 956 F.2d 192, 192 (9th Cir. 1992) (affirming district court's denial of bail pending appeal); *see also United States v. Kakkar*, No. 5:13-CR-00736-EJD, 2017 WL 4163291, at *2 (N.D. Cal. Sept. 20, 2017) (denying bail pending appeal where government proffered that defendant continued to engage in potentially fraudulent insurance claims related to the conduct for which he was ultimately convicted while the criminal case was pending); *United States v. Nicolo*, 706 F. Supp. 2d 330, 335 (W.D.N.Y. 2010) (noting that "the danger of economic harm may also be considered by the court on a motion for release under § 3143" and citing additional district court opinions relying on the danger of economic harm in the detention context). Defendant's commission of new offenses while on supervised release makes him a continuing danger to the community and particularly to the victims of his fraud.

These findings are made without prejudice to the defendant's right to seek review of defendant's detention, or file a motion for reconsideration if circumstances warrant it.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with counsel; and

//

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: October 28, 2026

HONORABLE SALLIE KIM
United States Magistrate Judge